# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED-ED4

8:01 HV 02 90A 40

U.S. DISTRICT COURT

In re: the support and welfare of VINCENT GOCON

**MICHAEL BURNS,**
Plaintiff

v.

**GRACE GOCON,**
Defendant

And

Civil Case No. 04 C 5486

Assigned To: JUDGE ANDERSEN

MAGISTRATE JUDGE GERALDINE SOAT BROWN

**DOCKETED**

AUG 2 3 2004

**THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
*The Honorable Timothy C. Evans, Chief Judge, in his Official Capacity,* and,

**THE HONORABLE DRELLA SAVAGE,**
Circuit Court of Cook County, in her official capacity and,

**BARRY S. MARAM,** Director, Illinois Department of Public Aid,
in his official capacity and,

**ILLINOIS DEPARTMENT OF PUBLIC AID,** and,

**JOHN DOES 1-10**

---

### ILLINOIS COMPILED STATUTES ( 750 ILCS 5/602) "BEST INTEREST OF THE

### CHILD" AND (750 ILCS 5/505) INCOME-BASED CHILD SUPPORT PROVISIONS

### IMPERMISSIBLY INFRINGE THE FEDERAL LIBERTY INTEREST AND RIGHT TO

### PRIVACY, INTER ALIA

"The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interest recognized by this Court...As we have explained, the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make childrearing decisions simple because a state judge believes a 'better' decision can be made." Troxel v. Granville, 530 U.S. 57 (2000), Justice O'Conner.



## INTRODUCTORY STATEMENT

1. Now comes Plaintiff MICHAEL BURNS, pro se, who asserts that Illinois Compiled Statutes (ILS) 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes impermissibly infringing the federal Liberty Interest, and the Federal Right to Privacy, in the Privacy Protected Zone of Parenting.

2. In addition, Plaintiff asserts that Illinois income-based child support impermissibly infringes the Property Interest right under the 14th Amendment of the U.S. Constitution.

3. This action arises because the Plaintiff has suffered an injury in fact; i.e., he has been ordered to pay a certain amount of money to Defendant GRACE GOCON, and has been paid to Defendant, beginning in 2001, through the use of unlawful court orders, for the alleged "best interests" of his son, creating an undue burden. He has been deprived of his fundamental Right to Privacy and Property Right under the 14th Amendment of the Federal Constitution because of these challenged statutes.

4. The United States Supreme Court has long held that the care, maintenance, companionship, educational choices and general child-rearing decisions related to raising one's children are fundamental rights (Right to Privacy) protected by the Federal Constitution. As such, any action by any person or entity, whether it be by a person acting alone, in conjunction with another, directly or indirectly, or by any State entity, that intrudes upon these fundamental rights is unconstitutional until validated by a compelling State interest applied in the least intrusive manner.

5. That while Plaintiff MICHAEL BURNS and Defendant GRACE GOCON believe that both parents should provide support for their son, Plaintiff asserts that how much money a parent spends for the care and maintenance of his child is a parenting decision and thus is a constitutionally guaranteed fundamental right. The State is not permitted to intrude upon this fundamental right without proof of demonstrable harm to the child. By mandating child support based on factors related to single or combined parental income, 750 ILCS 5/602

2

"Best interest of the child" and 750 ILCS 5/505 income-based child support statutes exceed the constitutionally permitted right of the State to intrude in the Federal Right to Privacy of a parent in the Privacy Protected Zone of Parenting.

6.  750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes mandate that a single, separated, unmarried or divorced parent spend a certain percentage or amount of their income on his or her children. The State of Illinois does not mandate that a married parent spends a percentage of his income for his child.

7.  All parents residing within the State of Illinois are constitutionally entitled to be free of government intrusion in the care and maintenance of their children unless there is a proven harm to said children.

8.  A parent is a parent: married, unmarried, single, or divorced.


## JURISDICTION, STANDING , VENUE

9.  The jurisdiction of this Court is invoked pursuant to federal question subject matter jurisdiction and the provisions of 28 U.S.C. 1331. Furthermore, because the Defendants conspired under color of state law, Plaintiff is entitled to jurisdiction of this Court under 42 U.S.C. 1983.

10. The jurisdiction of this Court is invoked pursuant to Article III Section 2 of the Federal Constitution; an actual "case or controversy" exists because the Plaintiff is currently subject to the jurisdiction of the Defendants and the laws of the State of Illinois. The challenged statutes of the State of Illinois have been exercised by all of the Defendants against the Plaintiff. The Plaintiff has been injured, and will continue to be injured by the challenged statutes. He suffers "injury in fact" since the challenged statutory provisions are addressed to parents like him, who must obey the statutory provisions and incur loss of liberty interest and economic injury or disobey the statute and suffer sanctions. Plaintiff alleges that such a personal stake in the outcome of the controversy assures that "concrete adverseness" which

sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.

11. The jurisdiction of this Court is invoked where the federal subject matter is an independent federal question and where the independent question is not inextricably intertwined with any state court judgment. Separately, and in addition to, the Plaintiff presents a general challenge to the constitutionality of 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes and the provisions of applicable sections of State Law that mandate child support based on single or combined parental income but which are not specifically asserted and/or are inadvertently omitted in this action.

12. Plaintiff is not requesting a divorce decree, alimony, or child custody decision from this Court. Plaintiff is not requesting that a State court judgment be overturned, altered, or modified in anyway by this Court.

13. There is no bar to declaratory relief of independent federal questions and/or to a general constitutional challenge of state law.

14. The exercise of enforcement authority statutorily granted by the ILCS and exercised by government official Defendants, in their official capacity, creates this addition claim under 42 U.S.C. 1983 originally not present at the time of filing of the Petition for Parentage by the Plaintiff in the Circuit Court of Cook County, Illinois.

15. Defendant GRACE GOCON, by challenging the Plaintiff's state court petition before the Circuit Court of Cook County, and by conspiring under its designation as the "custodial parent" and by accepting Plaintiff's property (income-based child support), seeking enforcement of the challenged statutes against the Plaintiff, and by conspiring to move the minor child away from the Plaintiff, thereby moving the Plaintiff's minor child from the jurisdiction of the Circuit Court of Cook County, all against the Plaintiff's wishes, violated the civil rights of both the minor child and the father, under the Due Process Clause of Right to Privacy and Right to Property.

4

16.     The jurisdiction of this Court is invoked where the federal subject matter is an independent federal question and where the independent question is not inextricably intertwined with any state court judgment.

17.     Injunctive relief is not requested.

18.     This action is for declaratory judgment purposes on the federal question of whether 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes impermissibly infringe U.S. Constitution 14th Amendment Liberty Interest, Due Process Right to Privacy, Right to Property and Equal protection based on a 42 U.S.C. 1983 claim.

19.     The authority of this Court is further invoked pursuant to the Federal Declaratory Judgment Act and the provisions of 28 U.S.C. 2201. The authority of this Court is invoked pursuant to the provisions of applicable sections of the U.S. Code that are not specifically asserted and/or are inadvertently omitted in this action that pertain to declaratory relief and the jurisdiction of this court.

20.     The jurisdiction of this Court is invoked where the merits of the instant matter are capable of repetition but evade meritorious review.

21.     Subject matter jurisdiction of this action is proper because an actual controversy exists among the parties as to which a declaratory judgment setting forth their rights and obligations under Federal law is necessary and will resolve the active issue, i.e. whether the statutes that mandate a parent to spend a certain percentage of their income on his or her children without a showing of demonstrable harm are constitutional.

22.     Subject matter jurisdiction of this action is proper because an actual controversy exists, i.e.: a conflict of interest. The Defendants Circuit Court of Cook County and the State of Illinois conspire to benefit financially from the collection and enforcement of disputed child support, through receipt of funds, where it provides a financial incentive to seek collection and enforcement; where an incentive for conflict is enhanced; as such where the minor child and

Plaintiff may never be able to realize a level playing field in such a state-sponsored environment.

23.     All incidents associated with this lawsuit have taken place in Cook County, Illinois.

24.     One or more of the Defendants reside in or are located in Cook County, Illinois. Therefore, venue is proper pursuant to 28 U.S.C. 1391 (b) (1) and (2).


## PRO SE STANDARD OF REVIEW


25.     Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and states:

"A court faced with a motion to dismiss a pro se complaint... must read the complaint's allegations expansively, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim." Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White.

Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.


## PARTIES

26.     MICHAEL BURNS, the Plaintiff, is a resident of Cook County, Illinois. Plaintiff is a statutorily designated "non-custodial parent" pursuant to an Order of the Defendant Circuit Court of Cook County.

27.     GRACE GOCON, a Defendant, is a resident of New London, Connecticut. Defendant is a statutorily designated "custodial parent" pursuant to an Order of the Defendant Circuit Court of Cook County.

28.     At the time of the birth of their son, and at the time of filing of the Petition for Parentage in the Circuit Court of Cook County, and the Order on that petition, GRACE GOCON was a resident of Chicago, Illinois.

29.     Defendants, The Circuit Court of Cook County of Illinois, a political subdivision, (The Honorable Timothy C. Evans, in his official capacity as Chief Judge) and as such are not subject to Eleventh Amendment immunity in federal court, and the Honorable Drella Savage exercised their statutorily granted enforcement authority of the challenged Illinois statutes against MICHAEL BURNS. As such, they are proper defendants. The Circuit Court of Cook County, the Honorable Gaylord Lott, at the time, entered an order of temporary custody, child support and visitation, adjudicating GRACE GOCON as the "custodial parent", MICHAEL BURNS as the "non-custodial parent" and mandating MICHAEL BURNS pay to GRACE GOCON a certain amount of money (child support) for their minor son.

30.     Defendants the Illinois Department of Public Aid (IDPA), a political subdivision, through its Division of Child Support Enforcement, and Director of IDPA Barry S. Maram, in his official capacity as Director, have been statutorily granted enforcement authority of Illinois statutes 750 ILCS 5/602 and 750 ILCS 5/505 in Cook County, Illinois.

31.     Under the Supreme Court precedent, when a Plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant, even when that party has made no attempt to enforce the rule. Diamond v. Charles, 476 U.S.54, 64, 106 S. Ct. 1697, 1704, 90 I.Ed. 2d 48 (1986).

32.     Notice is given to the Attorney General of the State of Illinois because of the declaratory

judgment claim challenging the constitutionality of Illinois Compiled Statute provisions.

### ISSUE OF PARENTAL SPENDING FOR A CHILD, i.e. CHILD SUPPORT

"The private interest here, that of a man in the children he has sired and
raised, undeniably warrants deference and, absent a powerful countervailing
interest, protection. It is plain that the interest of a parent in the companionship,
care, custody, and management of his or her children "come[s] to this Court
with a momentum for respect lacking when appeal is made to liberties which
derive merely from shifting economic arrangements." Stanley v. Illinois, 405
U.S. 645 (1972), citing Kovacs v. Cooper, 336 U.S. 77, 95 (1949) (Frankfurter,
J., concurring).

33.     Any State statute to which the Federal Right to Privacy attaches is presumed unconstitutional

unless the State proves a compelling interest applied in the least intrusive manner, i.e. strict

scrutiny. Plaintiff asserts that the amount of spending by a parent for his or her child, i.e.

child support, is a parenting decision. There is only a minimum amount of child support that

the State can justify to prevent harm to a child. Any amount over that minimum is

unconstitutional because it intrudes in the Right to Privacy of Parenting and strips property

rights from the parent. Any amount over the minimum amount to prevent harm to the child

represents the State substituting its judgment for the parent's.  More importantly, the

challenged statutes are enforced against the parent without the State ever determining if any

harm has befallen the children related to the parent's spending for them.

34.     The standard for a compelling State interest to justify State intrusion in parental decisions is

no longer the "best interests" of a child but prevention of demonstrable harm to the child.

35.     The Plaintiff asserts that while both parents believe in providing support for their son, the

Illinois income-based child support guidelines in excess of the minimal amount needed to

prevent harm to the child represent State intrusion in the Privacy Protected zone of care and

maintenance, i.e. spending, i.e. child support, which is a parenting decision. As such, Illinois

child support statute based on parental income(s) are unconstitutional. The State lacks the authority to mandate spending for a child based on income.

36. All Illinois statutorily designated "non-custodial parents" are subject to the ongoing threat of wage garnishment, Social Security garnishment, driver's license suspension, contempt proceedings, coercion, and imprisonment, as well as the undue burdens associated with such State action.

## PRESUMPTION THAT A FIT PARENT ACTS
## IN THEIR CHILDREN'S BEST INTERESTS

37. There is a presumption that a fit parent acts in his or her children's best interests. As the United States Supreme Court has stated:

> "There is a presumption that fit parents act in their children's best interests, Parham v. J. R., 442 U. S. 584, 602; there is normally no reason for the State to inject itself into the private realm of the family to further question fit parents' ability to make the best decisions regarding their children." Reno v. Flores, 507 U. S. 292, 304.

38. Consequently, the State of Illinois cannot use the children's "best interests" standard to substitute its' judgment for a fit parent. The State cannot usurp a fit parent's decision making related to parental spending for their children, (i.e., "child support") without either a demonstration the parent is unfit, or there is proven harm to the child.

39. The United States Supreme Court has long held that the care, maintenance, companionship, educational choices and general child rearing decisions related to raising one's children are fundamental rights (Right to Privacy) protected by the Federal Constitution. As such, any action by a State legislature that intrudes upon these fundamental rights is unconstitutional until validated by a compelling State interest applied in the least intrusive manner.

40. The Plaintiff asserts that how much money a parent spends for the care and maintenance of his or her child is a parenting decision and thus is a constitutionally guaranteed fundamental right. The State government is not permitted to intrude upon this fundamental right without

proof of demonstrable harm to the child. By mandating child support based on a percentage of one or both parents income, 750 ILCS 5/505 exceeds the constitutionally permitted right of the State to intrude in the Federal Right to Privacy of a parent in the Privacy Protected Zone of Parenting.

41. 750 ILCS 5/505 mandates that a single, divorced, or unmarried parent spend a percentage of his income on his or her children.

42. The State of Illinois does not mandate that married parents spend a percentage of their income for their child(ren).

43. All Illinois parents are constitutionally entitled to be free of government intrusion in the care and maintenance of their children unless there is a proven harm to said children.

44. A parent is a parent: married, unmarried, single, or divorced.


## RELEVANT LAW

45. 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes exist for the care, maintenance and education of a child.

46. 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support mandate child support and provide for enforcement authority with wage garnishment, driver license suspension, contempt and imprisonment.

47. 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support provisions mandate that the State of Illinois invade the family, through the judiciary, to examine, evaluate, determine and conclude the terms and nature of the interpersonal relationship, spousal roles, spousal conduct, parental decision making, parenting conduct, parental spending, economic standard of living, occupations, education, savings, assets, charitable contributions, and most importantly the intimate emotional, psychological and

physical details of the parties and family during their relationship granting the judiciary a broad range of discretion to apply a property stripping statute with a standard of equity.

48. 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support give the Defendants the authority to issue a wage execution and deduction against all statutorily designated non-custodial parents in order to enforce child support awards.

49. The United States Constitution's Fourteenth Amendment contains a recognized Right to Privacy. This fundamental Right to Privacy encompasses the Privacy Protected Zone of Parenting. The Plaintiff asserts that 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support impermissibly infringe the Federal Right to Privacy to the extent they mandate the parent to support his or her children beyond a standard to prevent harm to them. They substitute the State's judgment for the parents' judgment as to the best interest of his or her children.

The challenged statutes do not mandate a review to determine if demonstrable harm exists to the children in determining the amount of support that the parent must provide.

50. The State is not permitted to determine care and maintenance, i.e. spending, i.e. child support decisions of a fit parent based on his or her income in an intact marriage other than to prevent harm to a child. There is no basis for the State to have a statute that mandates a fit single, unmarried or divorced parent should support their child to a different standard, i.e. the standard of the best interests of a child. Furthermore, the State must not so mandate absent a demonstration that the choice of support provided by the parent has resulted in harm to his or her children.

51. The U.S. Supreme Court has mandated that the standard for the State to intrude in parenting decisions relating to grandparent visitation is no longer "best interests of the child." Troxel v. Granville, 530 U.S. 57; 120 S.Ct. 2054 (2000). This court should recognize the changed standard of State intrusion in parenting should also apply to the context of parents' care,

control, and maintenance, i.e. spending, i.e. child support decisions, on behalf of his or her children.

## FACTS

52. MICHAEL BURNS, the Plaintiff, is the natural father of VINCENT, born June 3, 1999 and adjudicated to be the "non-custodial" parent through a temporary and final order, placing him in a separate and unequal classification against his free will, which has and will continue to marginalize both he and his son socially, psychologically, economically, and politically.

53. GRACE GOCON, a Defendant, is the natural mother of VINCENT GOCON, and the adjudicated "custodial parent" of VINCENT.

54. VINCENT GOCON is the son of MICHAEL BURNS and GRACE GOCON.

55. In May 2001, MICHAEL BURNS filed a Petition for Parentage in the Defendant Circuit Court of Cook County Illinois Domestic Relations Division with the cooperation of Defendant GRACE GOCON, where shortly thereafter the Honorable Judge Gaylord Lott presiding issued a temporary order of Parentage, Child Custody, Visitation, and Income-Based Child Support.

56. A Contempt Order and possible commitment order (arrest warrant) against MICHAEL BURNS would likely be imminent in this lawsuit over the application of 750 ILCS 5/602 and 750 ILCS 5/505 provisions against him, despite him having furnished adequate economic support as a parent who has been marginalized with separate rights and responsibilities, and despite the fact that economic support for VINCENT has long since been achieved since birth by his mother, GRACE GOCON, where she has never been in a welfare situation where the minor child would be at risk.

## FEDERAL QUESTION

750 ILCS 5/602 "BEST INTEREST OF THE CHILD" AND 750 ILCS 5/505
INCOME-BASED CHILD SUPPORT STATUTES BASED ON PARENTAL INCOME
IMPERMISSIBLY INFRINGE THE U.S. CONSTITUTION FOURTEENTH AMENDMENT
LIBERTY INTEREST AND RIGHT TO PRIVACY IN THE PRIVACY PROTECTED ZONE
OF PARENTING

57.　　Plaintiff incorporates 1 to 56 herein.

58.　　Plaintiff requests a declaratory judgment that 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes impermissibly infringe the 14th Amendment Due Process Right to Privacy in the Privacy Protected Zone of Parenting of all single, separated, divorced and unmarried parents in Illinois.

59.　　It is well established that personal decisions involving marital and familial relations- marriage, procreation, contraception, family relationships, child-rearing and education - are constitutionally protected from government intrusion. In these areas, there are limitations on the State's power to intrude in this Right to Privacy Protected Zone to substantially regulate conduct.

60.　　Strict scrutiny of the facial language of a statute is the judicial standard of review required when a fundamental constitutional right is implicated.

61.　　The challenged Illinois statutes define the amount of child support that the Court must order based on percentage of income(s). The State lacks authority, and cannot mandate care and maintenance, i.e. spending, i.e. "child support" for a child based on income(s). The parent's fundamental federal Right to Privacy in the Privacy Protected Zone of Parenting is impermissibly infringed; parental care, control and maintenance, i.e., spending on a child, i.e. "child support", is a parenting decision.

62.　　The standard for a compelling state interest to justify State intrusion into parental decisions is no longer the "best interests" of a child, but prevention of demonstrable harm to the child.

63.     Because of the aforementioned, the Plaintiff requests this court declare 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 income-based child support statutes impermissibly infringe the U.S. Constitution Fourteenth Amendment, Liberty Interest and Right to Privacy, and as such are null and void.

## 42 U.S.C. 1983 CLAIM

64.     Plaintiff incorporates 1 to 56 herein.

65.     In the Summer of 2003, Defendant GRACE GOCON petitioned the Defendant Circuit Court of Cook County with an "emergency" motion to modify the Plaintiff's visitation in order to achieve permanent removal with the minor child away his father and from the State of Illinois, to Connecticut, thereby marginalizing the fundamental rights of both the minor child and the Plaintiff upon removal, creating an undue burden.

66.     Defendant Circuit Court of Cook County, against the objections of the Plaintiff, allowed for GRACE GOCON to remove the minor child away from his father to Connecticut.

67.     Defendant GRACE GOCON did not return to Illinois with their minor child to maintain their residency status on a permanent basis.

68.     Defendant GRACE GOCON petitioned the Defendant Circuit Court of Cook County for enforcement of child support from the Plaintiff based on the "best interests" of their son, and based on income of the Plaintiff.

69.     The actual (basic) economic needs of raising their son were not put forth into evidence by GRACE GOCON, but instead asserted through a financial disclosure statement as what his "reasonable needs" were; nor did the Defendant Circuit Court of Cook County, and then Judge Savage, request information about the actual (basic) economic needs of their minor child, nor any measurements to determine if there was a need to prevent harm to him.

70.     Defendant Circuit Court of Cook County ordered the Plaintiff MICHAEL BURNS to give a portion of his property (income) to Defendant GRACE GOCON, allegedly for the care and maintenance of their son.

71.     Defendant Circuit Court of Cook County made no such similar demands upon VINCENT'S mother, GRACE GOCON.

72.     Defendants GRACE GOCON and the Defendant Circuit Court of Cook County, and its then Judge Savage, conspired to take from the Plaintiff his property interest in his income without a finding of demonstrable harm, or imminent harm.

73.     Defendants GRACE GOCON and the Circuit Court of Cook County, and its then Judge Savage conspired to deny Plaintiff his Right to Privacy in the Privacy Protected Zone of Parenting by classifying him as a "non-custodial" parent, and limiting he and his son to less than free and/or equal access to one another without any showing of harm that such contact would cause significant harm to VINCENT, thereby marginalizing the minor child and his father on multiple levels, and to "visitor" status with one another, without their informed consent.

74.     Defendants GRACE GOCON and the Circuit Court of Cook County, and its then Judge Savage conspired to marginalize Plaintiff's procedural and substantive due process rights by ordering a show cause hearing without a showing of harm to VINCENT GOCON but merely for failure to comply with a court order predicated on the challenged statute.

### PRAYER FOR RELIEF

"Accordingly, so long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children."
- Troxel v. Granville, 530 U.S. 57; 120 S.Ct. 2054 (2000).

WHEREFORE, MICHAEL BURNS prays that this Court take jurisdiction over this matter, enter such orders as are appropriate to expedite consideration of this matter, and

1. Enter a declaratory judgment that Illinois Compiled Statutes (ILS) 750 ILCS 5/602 "Best interest of the child" and 750 ILCS 5/505 statutes provisions impermissibly infringe the Federal Right to Privacy and Property Interest (Due Process) clause of the Fourteenth Amendment and as such are null and void;

2. All Defendants have violated the Plaintiff's civil rights as to a 42 U.S.C. 1983 claim, and would most likely continue to do so.

3. Award damages to the Plaintiff as the evidence shall demonstrate.

4. As Plaintiff has incurred costs and fees to prosecute this action, he requests an award for all costs and reasonable fees incurred pursuant to the common law and to 42 U.S.C. 1983;

5. Provide any other appropriate relief.

DATED this 20th day of August, 2004

Respectfully submitted,

Michael Burns
1460 North Sandburg Terrace #1803
Chicago, IL 60610
312.951.8972
sustainable_community@bigfoot.com

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED-ED4

04C 5486

DOCKETED AUG 2 3 2004

JUDGE ANDERSEN

MAGISTRATE JUDGE GERALDINE SOAT BROWN

**(a) PLAINTIFFS**
Michael Burns

**DEFENDANTS**
Grace Gocon, Barry Moran, Hon. Chief Judge Timothy Evans, Hon. Judge Drella Savage, Illinois Dept. of Circuit Court of Cook County, public Aid

**(b)** County of Residence of First Listed Plaintiff _Cook County_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _New London County, CT._
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Appearing Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Inj.

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. This case**
- ☒ is not a refiling of a previously dismissed action.
- ☐ is a refiling of case _____, previously dismissed by Judge _____

DATE
August 20, 2004

SIGNATURE OF ATTORNEY OF RECORD
Michael Burns

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Michael Burns

vs.

Grace Gocon, Circuit Court of Cook County, Case Number:
Hon. chief Judge Timothy Evans, Hon. Judge Drella Savage, Barry Maram, Illinois Dept. of Public Aid,

FILED-ED4     **DOCKETED**

AUG 2 3 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Michael Burns, appearing Pro Se

# 04C 5486

JUDGE ANDERSEN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | | | (B) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME Michael Burns | | | NAME | | |
| FIRM Pro Se | | | FIRM | | |
| STREET ADDRESS 1460 N Sandburg Terrace #1803 | | | STREET ADDRESS | | |
| CITY/STATE/ZIP Chicago IL 60610 | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER 312.951.8972 | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS sustainable_community@bigfoot.com | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☒ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ |
| TRIAL ATTORNEY? | YES ☐ | NO ☒ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| | | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |

| (C) | | | (D) | | |
|---|---|---|---|---|---|
| SIGNATURE | | | SIGNATURE | | |
| NAME | | | NAME | | |
| FIRM | | | FIRM | | |
| STREET ADDRESS | | | STREET ADDRESS | | |
| CITY/STATE/ZIP | | | CITY/STATE/ZIP | | |
| TELEPHONE NUMBER | FAX NUMBER | | TELEPHONE NUMBER | FAX NUMBER | |
| E-MAIL ADDRESS | | | E-MAIL ADDRESS | | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | |
| MEMBER OF TRIAL BAR? | YES ☐ | NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ | NO ☑ |
| TRIAL ATTORNEY? | YES ☐ | NO ☐ | TRIAL ATTORNEY? | YES ☐ | NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ | NO ☐ |